## Campise v. Wible Brothers.

*S. Melnick*, for plaintiff; *A. T. Hanby*, for defendant.

MARTIN, P. J., June 27, 1928.—A suit in trespass was instituted by plaintiff against defendants. A statement of claim was filed on Aug. 30, 1926, alleging that the accident for which suit was brought occurred on Dec. 29, 1925. An affidavit of defense was filed April 14, 1928, which averred that defendants were not the owners of the motor-vehicle involved in the accident, and that it was not operated by their agent, servant or employee. On May 11, 1928, plaintiff presented a petition averring service of the writ upon defendants and a statement of claim; that no affidavit of defense was filed until April 14, 1928; that the cause of action arose out of a collision of motor-vehicles on Dec. 29, 1925, more than two years prior to the filing of the affidavit of defense, and, in the meantime, the case had been listed for trial a number of times, and on each occasion defendants were notified by mail that

the case was on the list ready to be tried; that the affidavit of defense was not filed until after the statute of limitations had expired, and then without leave of court.

This rule was granted to show cause why the affidavit of defense should not be struck from the record. An answer was filed by defendants, admitting the averments of the petition, and averring that no motor-vehicle belonging to them was in the collision described in the statement of claim; that the accident happened Dec. 29, 1925, and defendants received no word of it until the summons was served on them on May 27, 1926, five months after the alleged accident, and no statement of claim was served until Aug. 30, 1926; that when the summons was served defendants turned the matter over to the Continental Casualty Company, which carried the insurance on trucks belonging to defendants; that an investigation was made of the alleged accident, which disclosed that it was not caused by any truck belonging to defendants, and the insurance company informed defendants they were not involved in the accident; that, relying upon the insurance company to take care of the proceedings, defendants were under the belief that the proper pleadings had been filed, and it was not until the papers were returned to defendants on April 13, 1928, that they discovered through counsel that no affidavit of defense had been filed; an affidavit was then prepared and filed.

Defendants were not entitled to file an affidavit of defense under the circumstances in which this affidavit was filed without leave of court. No application was made for permission to file the affidavit of defense, and it should be struck off.

Rule absolute, without prejudice to the right of defendants to apply for leave to file an affidavit of defense *nunc pro tunc*.